The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 30, 2010, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: December 30, 2010



Arthur I. Harris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re: | ) | Case No. 10-16044 |
|---|---|---|
| | ) | |
| STEVEN GAYDOS and | ) | Chapter 7 |
| KELLY GAYDOS, | ) | |
| | ) | Judge Arthur I. Harris |
| Debtors. | ) | |

MEMORANDUM OF OPINION

This matter is currently before the Court on the trustee's objection to the debtors' claim of exemptions. On September 14, 2010, the Court heard argument on the trustee's objection and the debtors' response. The parties were given an opportunity to file supplemental briefs by September 30, 2010, and then the Court took the matter under advisement. Neither party chose to file a supplemental brief. At issue is whether the debtors can exempt $2,175 in equity in a Peterbilt Cab as a "tool of the trade" under Ohio Revised Code § 2329.66(A)(5). For the following reasons, the Court overrules the trustee's objection to the debtors' "tools of the trade" exemption under § 2329.66(A)(5) and sustains the trustee's objection to the

debtors' "wild card" exemption beyond the $1,150 permitted under § 2329.66(A)(18).

## JURISDICTION

Objections to claims of exemptions are core proceedings under 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS AND PROCEDURAL BACKGROUND

The relevant facts are undisputed. On June 21, 2010, the debtors filed a joint petition under Chapter 7 of the Bankruptcy Code. The debtors claimed three exemptions in a 2004 Peterbilt Cab under § 2329.66(A)(2), (A)(5), and (A)(18). The parties agree that the exemption under § 2329.66(A)(2) in the amount of $3,450 is proper. The parties also agree that the exemption claimed under § 2329.66(A)(18) in the amount of $2,000 should be limited to $1,150. The parties dispute whether the debtors are entitled to the exemption under § 2329.66(A)(5), but agree that, if allowed, the exemption claimed under § 2329.66(A)(5) should be limited to $2,175.

## DISCUSSION

Section 541 of the Bankruptcy Code defines "property of the estate." Subject to a few, specifically enumerated exceptions, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. *See* 11 U.S.C. § 541. The Bankruptcy Code allows a debtor to claim certain property as exempt. *See* 11 U.S.C. § 522. A state may adopt the federal exemptions contained in § 522, or create its own exemption framework. *See* 11 U.S.C. § 522. Ohio has opted out of the federal exemptions. *See* Ohio Rev. Code § 2329.662. Therefore, any property that a debtor domiciled in Ohio seeks to exempt must fall within an exemption authorized under Ohio law or nonfederal bankruptcy law.

The relevant portion of Ohio Revised Code section 2329.66 provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> > (5) The person's interest, not to exceed an aggregate of two thousand twenty-five dollars[1], in all

---

[1] Under Ohio Revised Code Section 2329.66(B), the Ohio exemptions are subject to an adjustment for inflation on April 1, 2010, and every three years thereafter, similar to the adjustment of certain dollar amounts under Section 104 of the Bankruptcy Code. For bankruptcy cases filed on or after April 1, 2010, the inflation-adjusted limit for "tools of the trade" exemptions under § 2329.66(A)(5) is $2,175.

> implements, professional books, or tools of the person's profession, trade, or business, including agriculture.

Ohio's "tools of the trade" exemption is similar to the analogous federal exemption, which exempts

> The debtor's aggregate interest, not to exceed $2,175 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

11 U.S.C. § 522(d)(6).

A principal policy goal of the Bankruptcy Code is to "grant a 'fresh start' to the 'honest but unfortunate debtor.' " *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007) (*quoting Grogan v. Garner*, 498 U.S. 279, 28, 11 S. Ct. 654, 659 (1991)). Exemptions further this policy goal by allowing a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family. Ohio's exemptions are to be construed liberally in favor of the debtor. *See Daugherty v. Central Trust Co.*, 28 Ohio St. 3d 441, 447, 504 N.E.2d 1100, 1104-05 (1986). A party objecting to the debtor's claim of exemptions "has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). *See generally Menninger v. Schramm* (*In re Schramm*), 431 B.R. 397 (6th Cir. BAP 2010) (outlining the policy behind and framework for construing exemptions in favor of the debtor).

4

Neither party has cited any published decisions interpreting Ohio's "tools of the trade" exemption. Nor has the Court been able to find any case law interpreting Ohio's current "tools of the trade" exemption on its own. There are, however, some published decisions interpreting earlier versions of Ohio's "tools of the trade" exemption as well as more recent cases interpreting the current federal "tools of the trade" exemption in the Bankruptcy Code and analogous exemptions used in other states.

"When there is no state law construing a state statute, a federal court must predict how the state's highest court would interpret the statute." *United States v. Simpson*, 520 F.3d 531, 535 (6th Cir. 2008). Relevant data include: state appellate decisions, state supreme court *dicta*, restatements of law, law review commentaries, and the majority rule among other states. *See Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995)); *Baumgart v. Alam* (*In re Alam*), 359 B.R. 142, 147 (6th Cir. BAP 2006).

Much of the debate over federal and state "tools of the trade" exemptions centers around whether the various types or categories of exemptions available to debtors should be understood as mutually exclusive. For example, may a farmer use the "tools of the trade" exemption to exempt livestock when a separate exemption is already available for farm animals? Or, may a salesperson use the

5

"tools of the trade" exemption to exempt a car when a separate exemption is already available for motor vehicles? *Compare Parrotte v. Sensenich* (*In re Parrotte*), 22 F.3d 472, 476 (2d Cir. 1994) (allowing dairy farmers' bulls to be exempted as "tools of the trade" under Vermont law because they were necessary instruments in the process of making milk despite the fact that there was a separate exemption for farm animals) *and Rainier Equipment Finance v. Taylor* (*In re Taylor*), 861 F.2d 550, 553-54 (9th Cir. 1988) (affirming allowance of exemption under Montana "tools of the trade" statute for logging truck and trailer in debtors' logging business) *with Belsome v. Belsome* (*In re Belsome*), 434 F.3d 774, 779 (5th Cir. 2005) (holding that Louisiana statute establishes two separate categories for tools and motor vehicles, and a school bus cannot be classified as both a tool of trade and a motor vehicle) *and In re Patterson*, 825 F.2d 1140 1147 (7th Cir. 1987) (finding that cows, tractors, and other farm machinery do not qualify as "tools of the trade" under 11 U.S.C. § 522(d)(6)).

It appears that Ohio courts have not issued any published decisions on this issue for some time. Two cases, both decided in 1936, interpreted an earlier version of the statute in question. That statute provided in pertinent part:

> Every person who is the chief support of a family. . . may hold property exempt from execution, attachment or sale, for debt, damage, fine or amercement, as follows. . . .

6

> 5) The tools and implements of the debtor necessary for carrying on his or her profession, trade or business, including agriculture, to be selected by him or her, not exceeding two hundred dollars in value.

Ohio General Code Ann. § 11725(5) (1933). In *In re Temple*, 20 F. Supp. 593, 594 (S.D. Ohio 1936), the Southern District of Ohio was tasked with the duty of determining whether a debtor's Plymouth coupe could be claimed as an exemption under both §§ 11725 subdivision 5 and 11738, which exempted real or personal property of a debtor who was not the owner of a homestead in an amount not more than $500. Section 11738, also called the "in lieu of homestead" exemption, provided that "such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due him from any person, partnership or corporation, *nor shall any passenger automobile be selected as exempt.*" Ohio General Code Ann. § 11728 (1933) (emphasis added). The court found that the Plymouth coupe was a passenger automobile prohibited from exemption under §11728 and not a tool or implement of the debtor's profession as an optometrist. The court explained:

> In the usual order of things, the patient goes to the optometrist; the optometrist does not go to the patient . . . . Hence the use of the automobile in the business of the bankrupt must of necessity have been limited to delivering orders, which is doubtful; going to and from work; and in going for supplies. These uses would apply with equal force in the case of almost any ordinary man, and would result, if held sufficient, in exemption of an automobile in practically every instance,

7

contrary to the intent of the legislature.

*In re Temple*, 20 F. Supp. at 595. Although dated, this case provides a court's interpretation of statutory language that specifically excluded certain property from being exempt under Ohio law. A few months prior to this decision, the Court of Appeals of the Second District of Ohio interpreted these same statutes and established four requirements to avail oneself of the "tools of the trade" exemption under § 11725: 1) the debtor is the chief support of the debtor's family, 2) the exempted property is a tool or implement of the debtor, 3) that is necessary for carrying on the debtor's profession, trade or business, 4) that does not exceed $200 in value. *Mick v. Coey*, 21 Ohio Law Abs. 646, No. 2602, 1936 WL 2061 at *3 (Ohio Ct. App. 1936). Accordingly, the court explained that while an automobile used exclusively or principally by a debtor in performing the debtor's trade could not be classified as a "tool," it could be classified as an "implement." *Mick v. Coey*, 1936 WL 2061 at *3. Taken together, these two cases provide a basis for this Court to predict that Ohio courts will not prohibit exemption of certain property that otherwise qualifies unless the statute specifically prohibits such exemption.

The case law is divided when it comes to interpreting analogous federal and state "tools of the trade" exemptions. It appears, however, that the majority of

8

courts that have considered the issue hold that a motor vehicle can be exempted as a "tool of the trade." Cases holding that a "tools of the trade" exemption is available for motor vehicles include: *Havas Leasing Co. v. Breen* (*In re Breen*), 123 B.R. 357, 361 (9th Cir. BAP 1991) (interpreting Nevada law to allow exemption of pickup truck as "tool of the trade" because it was incident to operation of debtor's carpentry business); *In re Giles*, 340 B.R. 543, 549 (Bankr. E.D. Pa. 2007) (interpreting federal exemption statute and following "general rule" that in some circumstances an automobile may be a tool of the trade despite the fact that it supplemented the available automobile exemption); *In re Clifford*, 222 B.R. 8, 12 (Bankr. D. Conn. 1998) (interpreting Connecticut law to allow "tools of the trade" exemption of utility truck used to move building materials and large beams); *In re Rule*, 38 B.R. 37, 41 (Bankr. D. Vt. 1983) (existence of automobile exemption separate from the "tool of the trade" exemption does not automatically preclude motor vehicle from being a "tool of the trade" under federal exemption law). Cases holding that a "tools of the trade" exemption is not available for a motor vehicle include: *In re Nipper*, 243 B.R. 33 (Bankr. E.D. Tenn. 1999) (surmising that if the Tennessee legislature intended to include trucks and trailers as "tools of the trade" more explicit language would have been used); *Yparrea v. Roswell Production Credit Association* (*In re Yparrea*), 16 B.R. 33, 35 (Bankr. D.

9

N.M.1981) (large and expensive farm machinery does not qualify as "tool of the trade" under New Mexico law); *In re Horton*, 76 B.R. 166, 167 (Bankr. D. Mont. 1987) (van, even if used to transport musical instruments and equipment, is a motor vehicle and not a "tool of the trade" under Montana exemption law); *cf. In re McCashen*, 339 B.R. 907, 911-12 (Bankr. N.D. Ohio 2006) (applying similar analysis to sustain trustee's objection to debtor's exemption of van as "professionally prescribed or medically necessary health aid" under Ohio Revised Code § 2329.66(A)(7)).

After a detailed review of the conflicting case law, and in light of the court's responsibility to construe Ohio's exemptions liberally in favor of the debtor, this Court finds that "[t]he fact that there is an automobile exemption separate from the 'tool of the trade' exemption does not automatically preclude a motor vehicle from being a tool of the trade." *In re Rule*, 38 B.R. at 41. This conclusion is consistent with *Temple* and *Mick v. Coey* because, unlike the 1933 version of § 11728, § 2329.66(A)(5) contains no language excluding automobiles.

Having determined that, under certain circumstances, automobiles may be exempted under § 2329.66(a)(2) and (A)(5), this Court must now determine whether the debtor's Peterbilt Cab constitutes a "tool of the trade." In order to determine whether a motor vehicle is a "tool of the trade," a court must consider

10

whether the vehicle is reasonably necessary to the debtor's trade or business. *In re Giles*, 340 B.R. at 550. The *Giles* court adopted the following analysis of the Ninth Circuit Bankruptcy Appellate Panel in *McNutt*:

> Some courts focus on the necessity of the motor vehicle to the trade of the debtor, while other courts focus on the necessity of the vehicle to the particular debtor. *Compare In re Smith*, 68 B.R. 581 (Bankr. D. Minn. 1986) (construes state exemption statute and concludes that whether or not an automobile or truck can be a tool of the trade should be based upon the vehicle's connection with a particular trade or business, not upon its connection with an individual debtor) *with In re Eagan*, 16 B.R. 439 (Bankr. N.D.N.Y. 1982) (it is the use and the necessity of the vehicle to the debtor and not its modifications or unique suitability to the trade which determine its status as a tool of the trade) and *In re Goosey,* 10 B.R. 285 (Bankr. D. Neb. 1981) (automobile is necessary to trade of insurance salesman if debtor is to continue work for the same employer.) We conclude that the proper inquiry is whether or not the vehicle is used by and is necessary to a debtor for his or her work, trade or occupation.

*Nazarine Federal Credit Union v. McNutt* (*In re McNutt*), 87 B.R. 84, 87 (9th Cir. BAP 1988). This Court finds the reasoning in *Giles* and *McNutt* persuasive. This Court holds, and believes the Ohio Supreme Court would similarly hold, that a motor vehicle used by the debtor that is necessary to that debtor in the performance of the debtor's work, trade, or occupation, can be exempted under § 2329.66(A)(5) as a "tool of the trade." Here, the vehicle in question is a truck, and the trustee has not challenged the debtor-husband's assertion that he is a truck driver who uses the truck "on a daily basis in pursuit of his employment" (Docket # 23). It seems to

follow that a truck driver's truck, which is absolutely necessary in the performance of his job duties, is also "reasonably necessary to the debtor's trade or business." Alternatively, if this Court were to apply the four part test outlined in *Mick v. Coey*, adapted to comport with the current "tools of the trade" statute, the result would remain the same because the truck is a "tool or implement" of the debtor that is necessary for carrying on the debtor's profession. *See Mick v. Coey*, 1936 WL 2061 at *3.

Accordingly, the Court overrules the trustee's objection to the debtors' "tools of the trade" exemption under § 2329.66(A)(5).

## CONCLUSION

For the foregoing reasons, Court overrules the trustee's objection to the debtors' "tools of the trade" exemption under § 2329.66(A)(5) and sustains the trustee's objection to the debtors' "wild card" exemption beyond the $1,150 permitted under § 2329.66(A)(18).

IT IS SO ORDERED.